UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S.M.R., | No. 1:26-cv-01474-KES-SAB (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | Doc. 1 |
| Respondents. | |

Petitioner J.S.M.R. is an 18-year-old immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 5.  In 2023, petitioner entered the United States as an unaccompanied minor, was detained by immigration authorities, and was later released to the custody of his family in Connecticut.  *See* Doc. 1 at ¶ 23.  Petitioner argues that he was re-detained by ICE and denied the opportunity for a bond hearing in violation of the Due Process Clause of the Fifth Amendment.  *See* Doc. 5 (citing *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026)).  The Court has previously addressed petitioner's claim in similar cases involving noncitizens who entered the United States as unaccompanied minors and were later re-detained. *See, e.g.*, *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025).  The Court set a briefing schedule on the petition and ordered

---

[1] The Court granted petitioner's motion to proceed under pseudonym by separate order.

1

respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 8.

Respondents argue that this case is distinguishable because petitioner was arrested and charged with, but has not been convicted of, three offenses:  sexual assault in the second degree (Conn. Gen. Stat. 53a-71(a)(1) ("sexual intercourse with another person and (1) [s]uch other person is thirteen years of age or older but under sixteen years of age and the actor is more than three years older than such other person")), sexual contact with a minor - victim under age 16 (Conn. Gen. Stat. 53-21(a)(2)), and risk of injury to a child (Conn. Gen. Stat. 53-21).  Doc. 11-2, Ex. B at 5-6).  But the record that respondents provide reflects that petitioner has not been convicted of these offenses or any other offense, *see* Doc. 11-2, and respondents do not provide any other evidence to establish that petitioner committed a criminal offense.  "The contention that an arrest, without more, constitutes evidence of criminal activity is without merit." *Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006); *see also Kelly v. Almodovar*, No. 25 CIV. 6448 (AT), 2025 WL 2381591, at *3 (S.D.N.Y. Aug. 15, 2025) (reviewing a RAP sheet, without more, is "not tantamount to an individualized assessment of a suspect's flight risk or dangerousness").

Respondents also argue that the Court should deny the petition because petitioner failed to exhaust administrative remedies by requesting a bond hearing in immigration court.  *See* Doc. 11 at 3.  In this context, "[t]he exhaustion requirement is prudential, rather than jurisdictional," and the Court may waive the prudential exhaustion requirement if "pursuit of administrative remedies would be a futile gesture." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (internal citations and quotation marks omitted).  Here, respondents take the position that petitioner is subject to 8 U.S.C. § 1225(b)(2)(A), which mandates detention.  *See id.* at 2.  The Board of Immigration Appeals adopted respondents' position in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), finding that all noncitizens who entered the United States without admission are subject to 8 U.S.C. § 1225(b)(2)(A).  In light of *Matter of Yajure Hurtado*, requiring petitioner to seek a bond hearing in immigration court would be futile, so the Court will waive the prudential exhaustion requirement.

2

The petition for writ of habeas corpus is GRANTED for the reasons addressed in the Court's prior decisions in *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025), and *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025).

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

Petitioner's motion to appoint counsel, Doc. 3, is denied as moot.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve a copy of this Order on Golden State Annex.

IT IS SO ORDERED.

Dated:   April 8, 2026

_____
UNITED STATES DISTRICT JUDGE